## Hecker Fink LLP

**NEW YORK | WASHINGTON, DC | LOS ANGELES**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

dpatton@heckerfink.com

May 19, 2026

**VIA ECF**

Defendant Gordon's application to remove the no contact provision as to Ms. Alves is GRANTED. All other conditions shall remain in effect. The Clerk of the Court is directed to terminate the letter motion at docket number 97.

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, NY 10007

Dated: May 21, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *United States v. Anthony Gordon,* 1:21-cr-00525-LGS

Dear Judge Schofield:

In accordance with the Court's Order of April 14, 2026, I write on behalf of my client, Anthony Gordon, to renew his request for a modification of his bail conditions to permit him to have contact with the mother of his four children, Jamela Alves. Mr. Gordon respectfully requests that the Court modify the no-contact provision based on Ms. Alves's signed affirmation, attached as Exhibit A, in which she affirms that she wishes to have contact with Mr. Gordon. In the alternative, Mr. Gordon requests that the Court permit Ms. Alves to appear by video or telephone conference.

On April 10, 2026, pursuant to the Court's Order at Dkt. 90, Mr. Gordon filed a status letter requesting that the Court set this matter for a status update in 60 days. Dkt. 93 at 1-2. In that letter, Mr. Gordon also requested certain modifications to Mr. Gordon's bail conditions. *Id.* at 2-3. Specifically, Mr. Gordon requested that the Court modify Mr. Gordon's conditions to (i) remove the requirement that his mother and a financially responsible person cosign his bond, (ii) remove the requirement that he reside with his mother, and (iii) permit him to have contact with his children and with Ms. Alves. *Id.*

On April 14, 2026, the Court modified Mr. Gordon's conditions of release "to (i) remove the cosigner requirement; (ii) remove the residency provision provided that Defendant promptly notifies his Probation Officer of any change of address; and (iii) remove the no-contact provision as to Defendant's children only." Dkt. 96 at 3. The Court noted that Mr. Gordon's "application to remove the no contact provision as to Ms. Alves is DENIED without prejudice to renewal upon a renewed application and hearing at which she appears and confirms her request for contact." *Id.*

Mr. Gordon now renews his request that the Court modify his bail conditions to remove the condition that he not have contact with Ms. Alves. Ms. Alves has signed an affirmation explaining that she wishes to have the ability to contact Mr. Gordon and asking the Court to lift

Hecker Fink LLP

the no-contact provision. Ex. A ¶¶ 3-4. As explained in her affirmation, however, Ms. Alves's employment as a home attendant and childcare responsibilities make it very difficult for her to appear in court. *Id.* ¶¶ 5-6. Mr. Gordon therefore respectfully requests that this Court lift the no-contact provision based on Ms. Alves's signed affirmation. In the alternative, Mr. Gordon requests that the Court permit Ms. Alves to appear by telephone or video call, rather than in person. The parties are available for a hearing the mornings of May 27, June 1, June 2, or June 3, 2026.

The Probation Department does not oppose the request to lift the no-contact provision. The government opposes Mr. Gordon's request to lift the no-contact provision and takes no position as to Mr. Gordon's request to permit Ms. Alves to appear by video before the Court.

We appreciate the Court's consideration.

Respectfully submitted,

David Patton
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212)763-0883

# EXHIBIT A

### Affirmation of Jamela Alves

1. My name is Jamela Alves. Anthony Gordon is the father of my four children. The youngest is six and the oldest is fourteen. Anthony is a great dad. He often helps with the children while I work long hours. This includes picking them up from school and bringing them home, doing homework with them, and taking great care of them at home while I am at work.

2. I understand that one of Anthony's conditions of release is that he cannot contact me.

3. I want to be able to have contact with Anthony. For Anthony to take care of the children, we need to be able to speak directly and he needs to be able to come to my home (where the children live). Because Anthony can't contact me, he hasn't been able to help me take care of our kids, and I have had to change my schedule.

4. I also want to be able to take care of the children together, and I want to be able to see him and talk to him about our lives outside of our children. Because I cannot do that while the no contact condition is in place, I am asking the Court to please lift that condition.

5. I live in the Bronx and work five days a week (and sometimes on the weekend) as a home attendant in Manhattan at ▮▮▮▮▮▮▮▮ Although my schedule can be unpredictable, I generally work ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ I take care of another patient ▮▮▮▮▮▮▮▮ .

6. Because of my work schedule and my kids, it would be very difficult for me to come to court for a hearing. If necessary, I could participate in a video call while I am at work.

I affirm this 23rd day of April, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: <u>April 23, 2026</u>          By:  <u>Jamela Alves</u>
                                             Jamela Alves